# SUPERIOR COURT
## OF THE
## STATE OF DELAWARE

MEGHAN A. ADAMS
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0634

October 17, 2024

John M. LaRosa, Esq.
LaRosa & Associates LLC
1225 North King Street, Suite 802
Wilmington, DE 19801

Peter H. Kyle. Esq.
John L. Reed, Esq.
Daniel P. Klusman, Esq.
DLA Piper US LLP
1201 North Market Street, Suite 2100
Wilmington, DE 19899

RE: *Michael Buck v. Viking Holding, et al.*
C.A. No. N20C-08-249 MAA CCLD

Dear Counsel:

The Court is in receipt of Defendant Viking Holding Management Company, LLC's letter dated October 14, 2024. (D.I. 290). As a preliminary matter, many of the arguments from Holdco's letter are an improper (and untimely) motion for reargument[1] or a re-hashing of previous arguments from this case. The Court need not address these arguments.[2]

The Court will now address the portions of Holdco's October 14 Letter addressing Buck's proposed Final Order and Judgment. The Court believes it would be prudent for the parties to work together to draft a proposed Final Order and Judgment. If the parties are unable to come to an agreement by virtual means within seven business days, the Court will then order the parties to meet, in-person and with

---

[1] Pursuant to Superior Court Civil Rule 59(e), "[a] motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision."

[2] *See* Post-Trial Letter to Counsel dated October 15, 2024 (D.I. 293).

Delaware Counsel present, to come to a resolution. If the parties are still unable to come to a resolution, the parties shall jointly submit, within seven business days of the in-person meeting, a proposed Final Order and Judgment noting the disagreement(s).

For purposes of clarification and to assist the parties in drafting the proposed Final Order and Judgment:

- In Holdco's October 14 Letter, it does not dispute the Principal Amount in paragraph 1 of the Proposed Final Order and Judgment. Thus, the Principal Amount is deemed unopposed for purposes of the Final Order.

- The discount rate on May 29, 2020 was 0.25%.

- The Court's order is that the judgment shall be paid by check or wire transfer within thirty days. Buck did not "choose" his form of payment; the Court ordered this remedy based on Holdco's breach of the Agreement. The Court understands that Holdco disagrees with this decision; its recourse is to appeal to the Supreme Court of Delaware.

After final judgment is entered, the parties shall brief the issue of costs. Plaintiff shall file any motion within ten days pursuant to Superior Court Civil Rule 54(d). IT IS SO ORDERED.

Sincerely,

*/s/ Meghan A. Adams*
Meghan A. Adams, Judge

cc: All Counsel via File and Serve